UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DYLAN P.,[1]

                                                      Plaintiff,           Case # 24-CV-793-FPG

v.                                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
_____

## INTRODUCTION

Plaintiff Dylan P. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In August 2019, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 172. He alleged disability since July 2017 due to cerebral palsy, PTSD, depression, anxiety, and chronic pain. *Id.* In February 2020, Plaintiff applied for SSI on the same grounds.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5-7.

Tr. 155.  The SSA denied his application, but he obtained another round of administrative review after a successful appeal to the district court.  In May 2024, Administrative Law Judge ("ALJ") Asad M. Ba-Yunus found that Plaintiff was not disabled and denied his application for benefits.  Tr. 1255-67.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).[3]  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations.  *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 1257. At step two, the ALJ found that Plaintiff has severe impairments of cerebral palsy, chronic pain syndrome, obesity, post-traumatic stress disorder, depression, anxiety, and substance abuse disorder. *Id.* At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. Tr. 1258.

Next, the ALJ determined that Plaintiff retains the RFC to perform a reduced range of light work. Tr. 1260. At step four, the ALJ found that Plaintiff could perform past relevant work as an auto detailer. Tr. 1265. In the alternative, at step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could also perform. Tr. 1266-67. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 1267.

### II. Analysis

Plaintiff argues that remand is warranted because (1) the ALJ failed to properly consider the medical opinions with respect to his standing and walking limitations, and (2) the ALJ erroneously evaluated the opinion of Todd Deneen, Psy.D. *See generally* ECF No. 4-1. Plaintiff's arguments do not warrant remand.

#### a. Standing & Walking Limitations

Plaintiff "was born with cerebral palsy." Tr. 996. Plaintiff alleges that he has a number of functional limitations flowing from, and related to, that condition. In October 2019, Michael Rosenberg, M.D., conducted a consultative examination. Tr. 631. He opined that Plaintiff has mild to moderate restrictions "for activities that require prolonged uninterrupted walking, standing,

4

squatting, and kneeling secondary to his mild to moderate left hip and left knee pain." Tr. 634.  In May 2020, V. Baronos, M.D., a state-agency consultant, reviewed the then-existing medical records and concluded that Plaintiff could stand/or walk for two hours, and sit for six hours, each workday.  Tr. 167.  He summarized the evidence, stating that "[o]verall [Plaintiff] appears to have some limitations in his ability to stand/walk for long periods but he also appears capable of completing [activities of daily living], albeit with some limitations."  Tr. 170.

In February 2021, Russell Lee, M.D., conducted another consultative examination of Plaintiff.  Tr. 996.  He opined that, due to Plaintiff's cerebral palsy, chronic lower back pain, left hip pain, and bilateral knee pain, Plaintiff has "moderate limitations [in] activities involving prolonged standing, walking great distances, bending, left, [and] twisting."  Tr. 999.  In March 2021, A. Vinluan, M.D., a state-agency consultant, reviewed the record evidence at the reconsideration level.  Tr. 207.  Contrary to Dr. Baronos, Dr. Vinluan concluded that Plaintiff could stand, walk, and sit for about six hours each workday.  Tr. 204.

The ALJ was tasked with resolving these varying positions.  As the ALJ pointed out, the consultative medical opinions were consistent insofar as they assessed no more than moderate limitations in standing and walking.  *See* Tr. 1263-64.  The problem was that Dr. Rosenberg and Dr. Lee failed to frame those opinions in the "precise" terms necessary to determine Plaintiff's exact exertional level.  Tr. 1263.

So the ALJ turned to the opinions of the state-agency consultants.  Tr. 1263-64.  Again, the ALJ viewed those opinions as "generally consistent," though they departed with respect to standing and walking.  Tr. 1264.  The ALJ attributed the distinction in part to the "discrepancies in examination findings concerning [Plaintiff's] gait."  *Id.*  Per his written explanation, Dr. Baronos emphasized Plaintiff's "reduced physical abilities with difficulty standing/walking," Tr. 168,

5

including evidence of Plaintiff's antalgic gait and reduced range of motion, Tr. 169. By contrast, and with the benefit of Dr. Lee's follow-up consultative examination, Dr. Vinluan concluded that Plaintiff could stand, sit, and walk for up to six hours each workday. Tr. 207. Dr. Vinluan emphasized the absence of objective findings suggestive of lower-extremity weakness. *See id.* (noting that, at Dr. Lee's consultative examination, Plaintiff was in no acute distress, could walk on heels and toes without difficulty, and had 5/5 upper/lower extremity strength).

Noting the inconsistent evidence regarding Plaintiff's gait, leg strength, and related objective findings, Tr. 1261, the ALJ accepted Dr. Vinluan's view of the evidence and concluded that Plaintiff could perform the standing, walking, and sitting demands of light work. Tr. 1261-62.

Though Plaintiff proffers several arguments challenging the ALJ's analysis, in substance he claims that the ALJ failed to adequately explain his reasoning and arrived at an impermissible conclusion. *See* ECF No. 9-1 at 11-16.

Contrary to Plaintiff's arguments, the ALJ offered a robust discussion on the matter and arrived at a reasonable conclusion. He explained that all four opinions suggested that Plaintiff had some noticeable limitations in standing and walking—*i.e.*, they were "generally consistent" with one another, Tr. 1263-64—but they diverged as to Plaintiff's precise standing and walking limitations. As the ALJ correctly noted, the moderate limitations that the consultative examiners found could support a finding of light *or* sedentary work, *see Michell L. v. Comm'r of Soc. Sec.*, No. 21-CV-6275, 2023 WL 4959886, at *4 (W.D.N.Y. Aug. 3, 2023) (collecting cases), and the state-agency consultants disagreed on that point. *See* Tr. 170, 207. Because he read Dr. Baronos's opinion to rely more heavily on the abnormal gait findings, *see* Tr. 1264, which were inconsistent with later clinical findings and other treatment records showing inconsistent gait difficulties, Tr.

1261, 1264, the ALJ concluded that Dr. Vinluan's position was better supported by the record, Tr. 1264.  The ALJ's explanation was thorough and his conclusion reasonable—even if, as Plaintiff claims, there was other evidence supporting a more restrictive finding.  *See* ECF No. 9-1 at 15; *see also Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position.").

Remand is not warranted.

### b. Dr. Deneen's Opinion

The ALJ found that Plaintiff suffered from several severe mental impairments, including PTSD, depression, anxiety, and substance abuse disorder.  Tr. 1257.  The ALJ addressed the limitations flowing from these impairments by limiting Plaintiff to occasional changes in routine work setting.  Tr. 1260.  In doing so, the ALJ relied on the opinion of consultative examiner Dr. Deneen.  Tr. 1263.  Dr. Deneen diagnosed Plaintiff with PTSD and opioid use disorder and identified a single functional limitation: Plaintiff would be moderately limited in his abilities to regulate emotions, control behaviors, and maintain well-being.  Tr. 992-93.  The ALJ also relied on the objective medical evidence, including documented instances of "poor hygiene, tense posture, psychomotor retardation, blunted affect, irritability, tearfulness, preoccupations, mild impairment of judgment, and fatigue."  Tr. 1259.

Plaintiff argues that that the mental RFC is erroneous because the ALJ failed to explain how a limitation on work-setting changes fully accommodated moderate limitations in his abilities to regulate emotions, control behaviors, and maintain well-being, as Dr. Deneen identified.  *See* ECF No. 9-1 at 16-21.  The Court disagrees.

The abilities to regulate emotions, control behavior, and maintain well-being fall within the domain of adapting and managing oneself. *See* 20 C.F.R. Part 404, Subpart P, App. 1, 12.00(E)(4). These abilities pertain to things like "[r]esponding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions." *Id.* A moderate limitation indicates Plaintiff's functioning in this area is "fair." 20 C.F.R. Part 404, Subpart P, App. 1, 12.00(F)(2).

The ALJ's restriction to occasional changes in work setting is well-tailored to Plaintiff's particular difficulties—preoccupations, irritability, fatigue, impairment of judgment—as it limits the situations in which Plaintiff would be required to respond to new demands, adapt to changes, set new goals, and the like. *Accord Raymond G. v. Comm'r of Soc. Sec.*, No. 21-CV-1172, 2023 WL 5400423, at *4 (W.D.N.Y. Aug. 22, 2023). Plaintiff does not argue otherwise. Rather, Plaintiff's concern is that the work-setting restriction was insufficient, and that the ALJ should have explained why he did not include other associated restrictions "for pace, interactions with others, or simple work." ECF No. 9-1 at 19.

Contrary to Plaintiff's argument, the ALJ's decision fairly discloses the ALJ's rationale for crafting the mental RFC in the manner that he did. The ALJ fully explained why he did not believe Plaintiff suffered from other symptoms, like cognitive impairments, difficulties interacting with others, or concentration deficits. *See* Tr. 1258-59 (discussing supporting evidence). Accordingly, it is evident that the ALJ limited the mental RFC in the way he did to target the specific difficulties from which Plaintiff suffered.

Accordingly, this is not a case where the Court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). Rather, because "the evidence of record permits [the court] to glean the rationale of [the] ALJ's decision," remand is not warranted. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 27, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York